IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**MICHELLE M. WILLIAMS,**

    **Plaintiff,**

vs.          No.: 2:09-cv-2826-JDT-cgc

**TOMMY STEVENS et al,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On November 1, 2011, District Judge James D. Todd referred the parties in the above referenced action to the undersigned for mediation. (D.E. # 36) The parties appeared on January 4, 2012 for the mediation. Neither party had prepared a mediation statement and Ms. Williams appeared with Anthony Miller, who was purportedly her attorney. Miller is not admitted to practice before this court and does not appear on the Tennessee Board of Professional Responsibility website as being licensed to practice in TN. The parties were directed to return for mediation on February 8, 2012, to have mediation statements prepared and for Mr. Miller to make a proper notice of appearance before attempting to represent Ms. Williams.

On February 8th, the parties appeared again for mediation. Miller appeared once again for Ms. Williams. He admitted that he was not licensed to practice law in any jurisdiction and was excused from the proceedings. The matter was reset to April 4, 2012 to allow Ms. WIlliams time to retain competent counsel and to prepare for the mediation. The defendants provided Ms.

1

Williams with a written settlement offer to consider.  On April 4, 2012, Ms. Williams called to say that she would not be able to attend the mediation.  Mr. Washington, counsel for the defendants, stated that his office had not had any contact with Ms. Williams since the last mediation setting.

On April 5, 2012, the Court entered an order directing Plaintiff to show cause within fourteen days as to why the Court should not issue a Report and Recommendation recommending to the District Court that the Complaint be dismissed pursuant to Fed. R. Civ. P. 41(b).  Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, Plaintiff's response to the Court's Order to Show Cause was due April 19, 2012.  This deadline is stated on the docket entry on the Court's Electronic Case Filing system ("Show Cause Response due by 4/19/2012") (See D.E.# 41).  A copy of the Order to Show Cause was mailed to the plaintiff via US Mail, return receipt requested and the return card shows receipt at the address that Plaintiff provided to the Clerk of the Court. *See*, D.E. # 42.  To date, no response to the Order to Show Cause has been filed.

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

Here, the Plaintiff has ignored the Court's orders and has failed to participate in mediation.  Dismissal is appropriate pursuant to the Court's inherent power to control its docket.

Accordingly, the Court RECOMMENDS that Plaintiff's Complaint be dismissed for lack of prosecution

Signed this 26th day of September, 2012.

                                               s/ Charmiane G. Claxton
                                               CHARMIANE G. CLAXTON
                                               UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**