IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHELLE M. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 09-2826-JDT-cgc |
| ) | |
| TOMMY STEVENS, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL
ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On December 18, 2009, the *pro se* Plaintiff, Michelle M. Williams, filed an employment discrimination complaint against Tommy Stevens, Tina (Taylor) Stevens, and Sparkle & Discount Cleaners ("Sparkle"). (Docket Entry 1.) The Court partially dismissed the complaint on December 28, 2009, and directed that process be issued and served. (D.E. 3.) On November 1, 2011, the Court referred the case to Magistrate Judge Charmiane G. Claxton for mediation. (D.E. 36.)

The parties appeared for mediation before the Magistrate Judge on January 4, 2012. Plaintiff was accompanied by Anthony Miller, who was, ostensibly, her attorney. However, Miller was not licensed to practice in Tennessee and had not been admitted *pro hac vice* before this Court. Accordingly, the mediation was reset to allow Miller to make a proper

notice of appearance. When the parties again appeared before Magistrate Judge Claxton on February 8, 2012, Mr. Miller admitted that he was not licensed to practice law in any jurisdiction and was excused from the proceedings. Defendants provided Plaintiff with a written offer of settlement, and the mediation was reset to April 4, 2012, in order to allow Plaintiff the opportunity to retain counsel and further prepare. On April 4, 2012, Plaintiff telephoned to inform the Magistrate Judge that she would not attend the scheduled mediation. Defendants' counsel advised that Plaintiff had not contacted his office since the February mediation setting.

On April 5, 2012, Magistrate Judge Claxton issued an order directing Plaintiff to show cause, within fourteen days, why a Report and Recommendation should not be issued recommending that the case be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the Court's orders. (D.E. 41.) The show cause order was sent to the Plaintiff by certified mail, return receipt requested, and a return card showing receipt at Plaintiff's address of record was received by the Clerk on April 10, 2012. (D.E. 42.) However, Plaintiff made no response to the show cause order; therefore, on September 26, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended that the case be dismissed. (D.E. 43.)

Objections to the Magistrate Judge's Report and Recommendation were due within fourteen days. (Id. at 3.) More than fourteen days has now expired, but Plaintiff has filed no objections. Accordingly, as Plaintiff has failed to participate in mediation and failed to

comply with the Magistrate Judge's orders, the Court ADOPTS the Report and Recommendation. This case is hereby DISMISSED pursuant to Fed. R. Civ. P. 41(b).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. The same considerations that lead the Court to dismiss this case for failure to prosecute also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the

full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[1]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit.